J-S14025-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SAMANTHA MARIE LONG | : | |
| | : | |
| Appellant | : | No. 1463 MDA 2023 |

Appeal from the Judgment of Sentence Entered September 12, 2023
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s): CP-21-CR-0000186-2023

BEFORE: LAZARUS, P.J., PANELLA, P.J.E., and MURRAY, J.

JUDGMENT ORDER BY PANELLA, P.J.E.:          **FILED AUGUST 15, 2025**

Samantha Marie Long appeals from the judgment of sentence entered on September 12, 2023, for her convictions of driving under the influence ("DUI")—general impairment, DUI—highest rate of alcohol, driving vehicle at safe speed, and turning movements and required signals.[1] Long argues the Cumberland County Court of Common Pleas improperly considered her acceptance of an Accelerated Rehabilitative Disposition ("ARD") for a previous DUI offense as a prior offense for purposes of sentencing on the current DUI offense. We vacate and remand.

On August 3, 2023, Long proceeded to a stipulated bench trial, where she stipulated to the underlying facts of the crimes, but no evidence was submitted regarding her prior acceptance into the ARD program for her first

_____

[1] 75 Pa.C.S.A. §§ 3802(a)(1), 3802(c), 3361, and 3334(d), respectively.

DUI offense or the underlying facts that led to the charges for which she was admitted to the ARD Program. On September 12, 2023, Long was sentenced as a second-time DUI offender due to her prior acceptance into the ARD program. Long filed a timely post-sentence motion on September 18, 2023, challenging her classification as a second-time DUI offender. This motion was denied on September 26, 2023, and Long appealed.

On July 2, 2024, a three-judge panel of this Court analyzed 75 Pa.C.S.A. §§ 3806(a), the recidivist sentencing provision of the DUI statute, and held that the trial court properly sentenced Long as a second-time DUI offender. Long responded by filing a petition for allowance of appeal with the Pennsylvania Supreme Court. On June 25, 2025, our Supreme Court granted Long's petition and vacated this Court's prior decision. Our Supreme Court also remanded the matter for reconsideration in light of its recent opinion in **Commonwealth v. Shifflett**, 335 A.3d 1158 (2025). **See Commonwealth v. Long**, 347 MAL 2024 (Pa. filed June 25, 2025).

In **Shifflett**, our Supreme Court held that a defendant's prior acceptance of ARD is a fact that must be submitted to a jury pursuant to the United States Supreme Court's decisions in **Alleyne v. United States**, 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) and **Apprendi v. New Jersey**, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000):

> In sum, because acceptance into an ARD program does not offer a defendant any of the constitutional safeguards that accompany either a criminal conviction or a guilty plea proceeding, safeguards on which the Supreme Court's recognition of a prior conviction exception in **Apprendi** and **Alleyne** was based, we conclude that

a defendant's previous acceptance of ARD, on its own, does not fall within the prior conviction exception contemplated in **Apprendi** and **Alleyne**. Thus, an individual's previous acceptance of ARD, which, when construed as a prior offense under Section 3806 to increase the penalty for a subsequent conviction pursuant to Section 3804, is a fact that must be submitted to a jury and proven beyond a reasonable doubt.

**Shifflett**, 335 A.3d at 1175.

Based upon the express holding in **Shifflett**, we conclude the trial court erred in sentencing Long as a second-time DUI offender. Our Supreme Court has expressly determined that an individual's previous acceptance of ARD is a fact that must be proven beyond a reasonable doubt for enhanced statutory penalties to apply. Accordingly, we vacate the judgment of sentence and remand for resentencing.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 08/15/2025